UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS MAGEE, JR., | Case No. 1:21-cv-01598-ADA-HBK (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR STAY AND ABEYANCE[1] |
| v. | |
| OAK SMITH, ACTING WARDEN, | FOURTEEN-DAY OBJECTION PERIOD |
| Respondent. | (Doc. Nos. 28) |

Before the Court is Petitioner's motion for a stay and abeyance. (Doc. No. 28). Respondent filed an opposition to Petitioner's motion to stay. (Doc. No. 29). Petitioner did not file a reply. For the reasons set forth more fully below, the undersigned recommends denying Petitioner's motion for stay and abeyance.

**BACKGROUND**

Petitioner Louis Magee, Jr., a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). Liberally construed, the Petition raises

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

the following seven grounds for relief: (1) insufficient evidence to support his attempted murder conviction; (2) insufficient evidence to support the jury's finding of premeditation; (3) the prosecution knowingly relied on false testimony at the preliminary hearing; (4) the prosecution withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (5) the "prosecutor submitted false statements"; and (6) and (7) additional claims of prosecutor misconduct. (*Id*. at 7-10). Petitioner is serving an indeterminate life sentence for murder. (*See generally id*.).

On March 8, 2022, Respondent filed an answer to the Petition. (Doc. No. 23). On April 6, 2022, Petitioner filed a reply. (Doc. No. 25). More than a year after his reply, on June 2, 2023, Petitioner filed the instant motion for stay and abeyance to exhaust state court remedies. (Doc. No. 28). Specifically, Petitioner indicates he was "informed" by his attorney that "the issues that Petitioner wanted addressed regarding issues on count one were not on the record and therefore could not be addressed on the 1170.95 resentencing. However [if] Petitioner wish [sic] to still present these issues Petitioner must first do so on a state habeas corpus to the California Supreme Court." (*Id*. at 1). Respondent argues the motion to stay should be denied because "[g]iven that the pending Petition does not include any unexhausted claims and [Petitioner] does not identify the claims he wishes to exhaust, he has not shown that a stay is warranted or that such a stay would not be futile." (Doc. No. 29 at 2). Petitioner did not file a reply, and the deadline for doing so has passed.

**APPLICABLE LAW AND ANALYSIS**

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The U.S. Supreme Court has held that a district court may not adjudicate a federal habeas corpus petition unless the petitioner has exhausted state remedies on each of the claims raised in the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Where a federal habeas petitioner has failed to exhaust a claim in the state courts, he may ask the federal court to stay its consideration of his petition while he returns to state court to

complete exhaustion. Two procedures may be used in staying a petition: one provided for by *Rhines v. Weber*, 544 U.S. 269 (2005), and the other by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002). Under *Rhines*, stay and abeyance is appropriate if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278; *Bolin v. Baker*, 994 F.3d 1154, 1156 (9th Cir. 2021). Under *Kelly*, a court may stay and hold in abeyance a fully exhausted petition, affording a petitioner the opportunity to proceed to state court to exhaust unexhausted claims. Once the additional claims have been exhausted, the petitioner may then amend his federal habeas petition, adding them to the original petition. *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir.) (discussing procedure).

Regardless, neither *Rhines* nor *Kelly* support staying a petition when the claim to be exhausted is not cognizable on federal habeas or plainly meritless, "a stay should not be granted under *Rhines* or *Kelly* because a stay would be futile." (Doc. No. 12 at 7); *see Gonzales v. Pfeffer*, 2020 WL 5520597, at *4-5 (C.D. Cal. Aug. 6, 2020) (finding Petitioner was not entitled to a stay under *Rhines* or *Kelly* because his claim concerning denial of his petition for resentencing was noncognizable on federal habeas review); *Montes v. Frauenhiem*, 2020 WL 2139334, at *2 (C.D. Cal. 2020) (finding a stay under *Kelly* or *Rhines* would be futile because the claim in question was not cognizable, and specifically noting that petitioner's attempt to frame his state law sentencing claim as "one involving a violation of his federal constitutional right to due process" did not render the claim cognizable); *Bell v. Arnold*, 2017 WL 4174402, at *3 (C.D. Cal Aug. 31, 2017) ("Obviously, there is no reason for a court to exercise its discretion to stay an action if the claim for which the stay is sought is not cognizable or is plainly meritless, as such a stay would be a fruitless and time-wasting event.").

Here, Petitioner does not indicate whether he is requesting a stay under *Rhines* or *Kelly*. (*See generally* Doc. No. 28). Respondent argues a *Rhines* stay would be inappropriate because the Petition is fully exhausted; and a *Kelly*-style stay would likely be futile because any new claim would be time-barred and would not relate back to exhausted claims in the Petition. (Doc. No. 29 at 4-6). However, it is unnecessary for the Court to consider whether Petitioner is entitled

3

to a stay under either procedure because Petitioner does not identify a claim he intends to exhaust in state court, aside from a passing reference to "issues on count one" that "were not on the record and therefore could not be addressed on the 1170.95 resentencing." (Doc. No. 28 at 1). Respondent could not identify any record of pending proceedings involving Petitioner in state court, nor is the Court able to discern any "issue" in the first ground for relief that relates to collateral state resentencing procedures under 1170.95. (Doc. No. 29 at 2 n.2). As Petitioner has not identified any specific unexhausted claim that he intends to exhaust, he has not met his burden for a stay and abeyance. *See Darbouze v. Kibler*, 2021 WL 4619912, at *2 (C.D. Cal. June 21, 2021) (finding Petitioner did not meet burden under *Rhines* because he did not identify an unexhausted claim, did not set forth good cause for failure to exhaust, and "does not purport to show any such claim is potentially meritorious"); *Williams v. State of California*, 2021 WL 4479153, at *1 (E.D. Cal. Sept. 30, 2021) (denying motion to stay without prejudice because "it is unclear what relief petitioner is seeking and on what grounds he is seeking relief."). Accordingly, the undersigned recommends Petitioner's motion for a stay and abeyance be denied.

Accordingly, it is **RECOMMENDED**:

1. Petitioner's motion to stay (Doc. No. 28) be DENIED without prejudice.

2. The Clerk of Court is directed to substitute Oak Smith as Respondent in this matter.

////
////
////
////
////

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     July 25, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE