1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LOUIS MAGEE, JR.,                    Case No.   1:21-cv-01598-NODJ-HBK (HC)

12            Petitioner,                  ORDER DENYING PETITIONER'S
                                           MOTIONS TO SUPPLEMENT AND/OR
13        v.                               AMEND WITHOUT PREJUDICE

14    OAK SMITH, ACTING WARDEN,            (Doc. Nos. 32, 33, 36, 37)

15            Respondent.

16

17        Pending before the Court are Plaintiff's various motions filed on September 22, 2023,

18   September 29, 2023, October 3, 2023, and October 12, 2023, seeking to either supplement or

19   amend his pending petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. Nos. 32, 33,

20   36, 37).[1]  Specifically, Petitioner's first-filed motion consists of a single page and seeks

21   "permission to file [a] supplement to amend exhausted remedies."  (Doc. No. 32).  Plaintiff's

22   second-filed motion comprises a single sentence "requesting permission" "to amend a

23   supplement."  (Doc. No. 33).  Respondent filed an opposition to these motions arguing Petitioner

24   did not identify the claim(s) he seeks to amend or the reasons for his delay in amending them.

25

26   [1] Also pending is Petitioner's motion for a stay and abeyance filed June 2, 2023.  (Doc. No. 28).  On July
     25, 2023, the undersigned issued Findings and Recommendation to deny Petitioner's motion for a stay and
27   abeyance.  (Doc. No. 30).  On December 1, 2023, due to the elevation of U.S. District Judge Ana I. de
     Alba to the Ninth Circuit Court of Appeals, this case was temporarily reassigned to the "No District Court
28   Judge" docket until a new district judge is appointed.  (Doc. No. 38).

(Doc. No. 35).  Thereafter, Petitioner refiled another motion again consisting of a single sentence "requesting permission from this court to amend a supplement."  (Doc. No. 36).

The Supreme Court has instructed federal courts to liberally construe the "inartful pleading[s]" of pro se litigants.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  The Court liberally construes these three motions as seeking leave to file a supplement to the Petition.

A habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242; *see also* Rules Governing Section 2254 Cases in the United States District Court, Rule 12; Fed. R. Civ. P. 81(a)(4).  The Federal Rules of Civil Procedure provide:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P.  15(d).

Here, Petitioner filed his Petition on August 20, 2021.  After transfer to this Court (Doc. No. 11), the Court directed Respondent to file a response to the Petition (Doc. No. 19) and Respondent filed an Answer to the Petition attaching the state court record on March 8, 2022. (Doc. Nos. 23, 24).  Petitioner thereafter filed a Reply.   In each of these motions, Petitioner seeks to supplement his Petition but fails to identify any new transaction, occurrence, or event that happened *after* the date of the Petition.  Thus, these motions are facially and procedurally deficient and will be denied without prejudice.  Should Petitioner wish to resubmit a motion to supplement, he must identify transactions, occurrences, or events that occurred after the date of the Petition.

On October 12, 2023, Petitioner filed a "second motion requesting permission to amend a supplement," and attached multiple exhibits including a "supplement" asserting additional grounds for relief that were not asserted in the current Petition.  (Doc. No. 37 at 3-8).  The Court liberally construes this motion as a motion to amend the Petition.  Because more than two years have passed since the initial petition was filed, and eighteen months have passed since

2

Respondent filed an Answer, Petitioner first must obtain leave from the Court or consent from the Respondent to file an amended petition.  Fed. R. Civ. P. 15(a).  However, any amended pleading must be "complete in itself without reference to the prior or superseded pleading," and include all grounds for relief and supporting facts.  Local Rule 220.  The Court does not accept piecemeal pleadings. The attached pleading is insufficient to qualify as an amended petition because the pleading is not complete on its face without reference to the initial Petition.  Thus, Petitioner's motion to amend (Doc. No. 37) is similarly procedurally deficient.

To the extent that Petitioner seeks to amend the Petition to include a new claim(s) that are now exhausted, he must file a motion to amend accompanied by a freestanding proposed "First Amended Petition."  Respondent then will have an opportunity to file a response to the motion with the benefit of reviewing the proposed amended petition.

Accordingly, it is **ORDERED**:

1.  Petitioner's motions to supplement (Doc. Nos. 32, 33, 36) and motion to amend the petition (Doc. No. 37) are procedurally deficient and **DENIED without prejudice**.

2.  The Clerk of Court shall provide Petitioner with a habeas corpus § 2254 form with this Order for Petitioner's future use as appropriate.

Dated:    December 4, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3