UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS MAGEE, JR., | No. 1:21-cv-01598-KES-HBK (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE |
| v. | |
| OAK SMITH, Acting Warden, | |
| Respondent. | (Docs. 28, 30) |

Petitioner Louis Magee, Jr. is a state prisoner proceeding pro se with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 2, 2023, petitioner moved for stay and abeyance of his federal petition to pursue unexhausted state habeas remedies. Doc. 28. On July 25, 2023, the assigned magistrate judge issued findings and recommendations that recommended petitioner's motion for stay and abeyance be denied. Doc. 30. The magistrate judge noted that petitioner had failed to identify any claim that he intended to exhaust in state court. *Id.* at 4. The findings and recommendations were served on petitioner and contained notice that any objections were to be filed within fourteen (14) days of service. *Id.*

Petitioner timely submitted objections and included what he asserts is "new evidence that was later discovered" that "would have exonerated Petitioner from attempted murder" of his

1

former girlfriend. Doc. 31. Petitioner relies on a police report stating that he was arrested at the scene after trying to force his way into his former girlfriend's apartment, and that petitioner was found with a 12-inch long blade, a roll of duct tape, several 50-60 gallon trash bags, and a pair of latex gloves. The report indicates that, at the time, petitioner was subject to a domestic violence restraining order. Petitioner appears to argue that the report is exculpatory because it indicates that his former girlfriend had already moved out of the apartment and was not present when petitioner tried to break into it. Petitioner previously attached the report as an exhibit to his federal habeas petition. Doc. 1-2 at 12–14. It is not clear how the report could be construed as exculpatory or as inconsistent with the prosecution's argument that petitioner took direct steps in furtherance of an attempt to kill his former girlfriend.

The magistrate judge correctly found that petitioner's motion does not identify a claim he intends to exhaust in state court. *See* Doc. 30 at 3–4. In his objections, petitioner points to the police report but does not identify an unexhausted claim to which this evidence should attach. *See* Doc. 31 at 1.

Additionally, petitioner has failed to establish any basis for a stay. As the magistrate judge recognized, there are two separate procedures a petitioner may use to move for a stay and abeyance: the procedures set out in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), and the procedures set out in *Rhines v. Weber*, 544 U.S. 269 (2009). In *Kelly*, the Ninth Circuit approved a procedure whereby a district court may stay a fully exhausted habeas petition if the petitioner wishes to present unexhausted claims to a state habeas court. *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005). The purpose of the *Kelly* procedure is to allow for a stay when "valid claims would otherwise be forfeited" due to AEDPA's one year statute of limitations, 28 U.S.C. § 2244(d)(1). *Kelly*, 315 F.3d at 1070.

In *Rhines v. Weber*, the Supreme Court approved stay and abeyance of "mixed" habeas petitions—those that contain both exhausted and unexhausted claims—to allow petitioners to return to state court to present their unexhausted claims. 544 U.S. 269 (2009). However, the Court cautioned that this procedure should be available only when there is "good cause" for failure to exhaust, the claims are not "plainly meritless," and the petitioner has not engaged in

"abusive litigation tactics or intentional delay." *Id.* at 277–78.

The *Kelly* and *Rhines* procedures are distinct in that *Kelly* applies to fully exhausted petitions, while *Rhines* applies to mixed petitions. *Jackson*, 425 F.3d at 661. However, both *Kelly* and *Rhines* caution district courts to allow stay and abeyance only when the unexhausted claim potentially has merit. *See Kelly*, 315 F.3d at 1070 (explaining that the purpose of the procedure is to prevent "*valid* claims" from being forfeited); *Rhines*, 544 U.S. at 277–78 ("Even if good cause existed, the district court would abuse its discretion if it granted a stay when the unexhausted claims are plainly meritless."). As the magistrate judge found, petitioner does not indicate whether he is requesting a stay under *Rhines* or *Kelly*.

The court therefore also declines to exercise its discretion to grant a stay because petitioner has failed to demonstrate that any claim stemming from the police report might be meritorious. Defendant appears to argue that the report is exculpatory because his former girlfriend had already moved out of the apartment, but the report indicates that petitioner was arrested shortly after attempting to break into the location where he believed his former girlfriend lived, and that petitioner was found in possession of a 12-inch blade and other inculpatory items. *See* Doc. 31, Ex. A. This information also does not appear to be new evidence as it is reflected in the state appellate court decision on petitioner's direct appeal, which petitioner attached to his federal petition. *See* Doc. 1 (Ex. C) at 41–42, 52 ("Defendant's presence at what he believed was the victim's apartment, his repeated attempts to make contact with her and his possession of tools to commit murder speak to more than a mere preparation to commit murder, and we reject his contrary argument."). Accordingly, staying this case would be futile. *See Bell v. Arnold*, No. CV 17-1969, 2017 WL 4174402 (C.D. Cal. 2017) ("Obviously, there is no reason for a court to exercise its discretion to stay an action if the claim for which a stay is sought is not cognizable or is plainly meritless, as such a stay would be a fruitless and time-wasting event."). Petitioner's motion for a stay is therefore also denied on this ground.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the case. Having carefully reviewed the file, including petitioner's objections, the court determines the findings and recommendations are supported by the record and proper

analysis.

Accordingly,

1. The findings and recommendations issued on July 25, 2023, Doc. 30, are ADOPTED in full;

2. Petitioner's motion for stay and abeyance, Doc. 28, is DENIED.

IT IS SO ORDERED.

Dated:   July 2, 2024

UNITED STATES DISTRICT JUDGE